# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAMELA DISEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1239-M |
| | ) | |
| THE OKLAHOMA PUBLISHING | ) | |
| COMPANY d/b/a THE OKLAHOMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss and Brief in Support [docket no. 11], filed June 11, 2009. Plaintiff has filed no response. As this matter is ripe for adjudication, the Court makes its determination.

I.  Introduction

On October 1, 2007, the parties entered into an Independent Contractor Distribution Agreement ("Agreement"). Under the Agreement plaintiff agreed to act as an independent contractor for defendant, to distribute newspapers. Plaintiff purchased newspapers from defendant at negotiated wholesale rates and then resold the newspapers to home subscribers. Under the Agreement, plaintiff utilized her own vehicle, equipment, tools and supplies to perform the delivery service. Plaintiff determined the time for delivery and bore the risk for subscribers' non-payment. The Agreement was to last for 20 months beginning October 1, 2007 until June 1, 2009. The Agreement could be terminated by either party by providing thirty (30) days notice. Defendant did not provide vacation, sick leave or retirement benefits under the Agreement. Plaintiff was responsible for all state and federal income taxes, social security and unemployment taxes. The Agreement also notes that it is the intent of both parties to create an independent contractor

relationship under the Agreement and that plaintiff is not an "employee" of the defendant. Plaintiff's only compensation was received through the resale of papers she purchased from defendant.

On November 17, 2009, plaintiff commenced this action against defendant alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 1981, *et seq.* Defendant now moves to dismiss plaintiff's claims for lack of subject matter jurisdiction.

## II. STANDARD OF REVIEW

"Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). A facial attack depends on the allegations in the complaint as to subject matter jurisdiction and, thus, implicates the sufficiency of the complaint. *Id.* In contrast, a factual attack occurs when a party goes beyond the allegations contained in the complaint and challenges the facts upon which subject matter jurisdiction depends. *Id.* In determining subject matter jurisdiction where there is a factual attack, the "court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.* Here, defendant has asserted a factual attack as to plaintiff's status as an employee, a jurisdictional requirement under Title VII.

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). The Supreme Court held in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998), that the existence of subject matter jurisdiction is a threshold inquiry that must precede any merit-based determination. This requirement is "inflexible and without exception." *Id.* at 95 (internal quotation omitted). If a district court lacks jurisdiction, it has no authority to rule on the merits of a plaintiff's claims. *Id.*

at 101-02.

Under Title VII, a plaintiff's employment status is jurisdictional. *Zinn v. McKine* 1143 F.3d 1353, 1356 (10th Cir. 1998). Therefore, plaintiff must establish, for jurisdictional purposes, first that defendant falls within Title VII's definition of "employer" and that she meets the statutory definition of an "employee".[1]

Title VII defines "employee" as "an individual employed by an employer . . . ." 42 U.S.C. § 2000e(f). The Tenth Circuit has found the following factors should be considered in determining employee status in Title VII cases: (1) the right of the hiring party to control the means and manner by which the work is accomplished; (2) the kind of occupation at issue; (3) the skill required; (4) whether equipment was furnished; (5) length of time worked; (6) method of payment; (7) manner of termination; (8) whether leave and retirement is provided; (9) whether employer pays social security taxes and (10) the intention of the parties. *Lambertsen v. Utah Dept. of Corrections,* 79 F.3d 1024, 1028 (10th Cir. 1996).

Having reviewed the Complaint and defendant's Motion to Dismiss, the Court finds that the means and manner of plaintiff's work was not controlled by defendant. It is uncontroverted that plaintiff purchased newspapers from defendant at wholesale prices and then resold them to home subscribers and that this was plaintiff's only source of compensation. Likewise, it is uncontroverted that plaintiff alone determined the means and manner in which she delivered defendant's newspapers. Plaintiff used her own vehicle, equipment and tools, paid her own employment taxes, and no retirement benefits were provided by defendant. It is also uncontroverted that plaintiff

---

[1]Title VII defines "employer" as a person who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such person. 42 U.S.C. § 2000e(f). Here there does not appear to be any question that defendant meets the statutory definition of employer. Thus, the issue before the Court is whether plaintiff is an employee of defendant.

determined the time she wished to deliver the newspapers and that the subcontractor agreement could be terminated by either party upon 30 days notice. There is simply no evidence before this Court from which to conclude defendant controlled the means or the manner in which plaintiff performed her day-to-day work. Accordingly, the Court finds that plaintiff does not fall within the statutory definition of employee. Because plaintiff does not fall within the statutory definition of employee, the Court finds that it lacks subject matter jurisdiction over this action and that this action should be dismissed.

The Court, therefore, GRANTS defendant's Motion to Dismiss [docket no. 11] and DISMISSES this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED this 23rd day of December, 2009.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE